Beyea v Ellison (2024 NY Slip Op 51012(U))

[*1]

Beyea v Ellison

2024 NY Slip Op 51012(U)

Decided on August 6, 2024

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 6, 2024
Justice Court of the Town of Webster, Monroe County

John Beyea, Plaintiff,

against
Sarah Ellison, Defendant.

Case No. 24060144

John Beyea, Plaintiff pro se.
Sarah Ellison, Defendant pro se.

Thomas J. DiSalvo, J.

Facts of the Case.
The plaintiff brought a claim against the defendant in the court's Small Claims Part for expenses incurred by him for the repair of a shared private road in May of 2023. The plaintiff contracted with a local construction company to make said repairs. An invoice was generated by the contractor in the amount of $4,850.00, which the plaintiff paid in full. That invoice included the delivery and the spreading of 140 tons of crushed gravel at the price of $32.50 per ton for a total of $4,485.00 plus equipment time, tract loader at $90 per hour for a total of $365.00, which resulted in the grand total of $4,850.00. The parties herein own property on Emerson Road in the Town of Middlesex in Yates County. The plaintiff resides on one of the parcels. The defendant owns and has rented out the residence on the other parcel [hereinafter referred to as the "defendant's parcel"]." A third party [previously owned by the Cators] owns property on a connecting road, to wit: Upper Hill Road [hereinafter referred to as the "Cator parcel"]. Said roads are not dedicated roads, but are a private roads which are to be maintained by the respective property owners adjacent thereto. In fact, a Road Maintenance Agreement was filed with the Yates County Clerk's Office on March 17, 2009 and which runs with the land and binds the heirs, successors and assigns of the original parties to the agreement. The agreement provides in pertinent part that the owners of the Cator parcel "will be responsible for the costs of maintaining the private right of way from the Cator property on Upper Hill Road from Upper Hill Road to the point where the Cator driveway meets the private right of way in front of the Cator house." The owner of the Beyea parcel [hereninafter referred to as "plaintiff's parcel"] is to be "responsible for One-Third of the remaining costs of maintaining the private right of way." The owner of the defendant's property "will be responsible for Two-Thirds of the remaining costs of [*2]maintaining the private right of way." The plaintiff testified that no part of the funds were used for repairing any of the private road that serviced the Cator parcel. It was clear from the testimony that the plaintiff was unaware or forgot the specific terms of the written Road Maintenance Agreement at the time he expended the funds and at the time of the small claims hearing. Said agreement was offered into evidence by the defendant. Thus pursuant to the said Road Maintenance Agreement, the owners of the plaintiff's parcel and the defendant's parcel are responsible for the costs of maintenance of Emerson Road proportionately, One-Third and Two-Thirds, respectively. With that in mind it is noted that plaintiff's claim demanded that the defendant only pay for one-half of the said maintenance. The defendant maintains that she is not responsible for any part of said cost of maintenance because she never gave her consent to the work being done on the said private road nor did she agree in advance to the cost of said work. There was evidence that the parties had sent texts to each other wherein repairs to the private road were discussed.In addition there were discussions over repair estimates of $1,000.00 but no such estimates were provided by either party. Nor was there any evidence that an agreement was reached wherein the defendant agreed to pay half of that amount. Finally, paragraph six of the Road Maintenance Agreement states "All affected parties that will incur costs related to maintaining the private right of way must agree on the costs for maintaining the right of way prior to the commencement of the work." The defendant never referred to that specific provision of the agreement during her testimony. It should further be noted that the plaintiff was an original signatory of the said agreement. Thus it would not be unreasonable to expect him to know the terms of the agreement. 

 Issue Presented.
Is the defendant liable to the plaintiff based on the existence of a quasi contract?

Legal Analysis.
There is no doubt that the defendant herein received a benefit from the actions of the plaintiff. In fact the benefit received was two-fold. First, the private road that serviced her real estate was maintained and repaired. Second, the plaintiff paid a higher proportion of the related expense than he was required to pay pursuant to the Road Maintenance Agreement, It has been long established law that
"Quasi Contracts, or contracts implied in law, arise in order to achieve justice rather that from a mutual agreement between the parties. A quasi-contract is imposed on the parties in order to avoid unjust enrichment. The doctrine of unjust enrichment holds that people should not be allowed to profit or enrich themselves inequitably at the expense of others. The doctrine is equitable rather than contractual in nature."[FN1]
However, it is has been the rule that "A quasi-contract claim generally exists only where there is [*3]no express agreement between the parties."[FN2]
Nevertheless,
"The general rule that a contract precludes quasi-contract claims has exceptions. When there is a bona fide dispute as to the validity or enforceability of the contract, or regarding the application of the contract [emphasis added] to the dispute at issue, a plaintiff may proceed on a theory of quasi-contract as well as breach of contract and will not be required to elect his or her remedy."[FN3]

The defendant herein contends, apparently unknowingly, that the Road Maintenance Agreement to which the parties herein are bound does in fact apply to the dispute herein because she was did not agree on the costs for maintaining the right of way prior to the commencement of the work as required by paragraph 6 of the agreement.[FN4]
Thus under the facts and circumstances herein, the concept of quasi contract cannot be relied on by the plaintiff for relief. For her part, as a result, defendant maintains that the plaintiff's claim for one-half of the cost he advanced toward the maintenance of the private road should be dismissed.
Paragraph 6 of the Road Maintenance Agreement is by definition a consent clause. It has long been held that
"A contract may contain a clause requiring one party's consent before an action can be taken. In the absence of specific contractual language stating that a party may not unreasonably withhold consent, a party generally may withhold its consent for any reason or no reason at all and no implied obligation to act in good faith limits that choice."[FN5]
In this case the defendant did not withhold consent to the work and/or cost of the work performed on the said private road. She was informed of the work and the cost of same after the work was performed.Under the terms of the agreement herein a meeting of the minds between the parties as to maintenance work done and the cost therefor must be considered a condition precedent. That condition was not met.
Nor can the plaintiff rely on the concept of unjust enrichment. It is true that the defendant obtained the benefit of newly maintained private road to which her real estate was adjacent. In addition she obtained that benefit for a smaller fraction of the cost to which she would otherwisebe required to pay. In any event, the language of paragraph 6 is clear and unambiguous. All parties to the agreement must consent to the work to be done to the private road and the cost thereof. In this case the only parties involved are the plaintiff and the defendant, since they are [*4]the only interested parties relative to the work done on Emerson Road. 
"A court is not free to alter an unambiguous contract in an effort to right some perceived inequity in the parties' bargain, for it must enforce the plain language of the agreement regardless of any hardship that may result."[FN6]

In the instant case any inequity suffered by the plaintiff was the result of his own doing. Namely, by moving precipitously to have the maintenance work done on the private road prior to obtaining the necessary agreement of the defendant. Thus the plaintiff must bear the cost of same on his own. 

 Conclusion.
Section 1804 of the Uniform Justice Court Act states that "The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law...." In this case the court finds that plaintiff has failed as a matter of substantive law to establish his right to reimbursement for half of the funds he expended to cover the cost of the maintenance on the private road herein. Therefore the court must dismiss the plaintiff's claim. This constitutes the decision and order of the court.
Dated: August 6, 2024
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1: (Clarskson et al., West's Business Law at 139 [4th ed])

Footnote 2: (28 New York Practice Series, Contract Law § 4:10 [July 2024 Update])

Footnote 3: (28 New York Practice Series, Contract Law § 4:11 [July 2024 Update])

Footnote 4: (Again it was the defendant who offered into evidence the Road Maintenance Agreement, without commenting on paragraph 6 thereof.)

Footnote 5: (28 New York Practice Series, Contract Law § 28.21[July 2024 Update])

Footnote 6: (28 New York Practice Series, Contract Law § 9:2 [July 2024 Update])